UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GREGORY KNIGHT,

    Plaintiff,                              CASE NO. 05-CV-10263

v.                                         DISTRICT JUDGE DAVID M. LAWSON
                                           MAGISTRATE JUDGE CHARLES E. BINDER

DARLENE CROW KNIGHT,

    Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that this case be *SUA SPONTE* **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

## II.    REPORT

### A.    Introduction & Procedural History

Plaintiff Gregory Knight filed a *pro se* complaint against his estranged spouse on October 3, 2005, alleging violations of the Americans with Disabilities Act. By order of U.S. District Judge David M. Lawson, the case was referred to the undersigned Magistrate Judge for general case management on October 24, 2005. (Dkt. 4.) On November 4, 2005, Plaintiff's application to proceed *in forma pauperis* ("IFP") was granted and Plaintiff was informed that the case would be screened pursuant to 28 U.S.C. § 1915(e)(2) prior to service upon the Defendant. That screening is now complete, and I conclude that a Report and Recommendation is necessary.

**B.     Standard of Review**

All federal civil suits where the plaintiff is granted the privilege of proceeding *in forma pauperis* are subject to the provisions of 28 U.S.C. § 1915, which provides in pertinent part that, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal. . . fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii).

When determining whether a complaint fails to state a claim for relief, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)); FED. R. CIV. P. 12(b)(6). A *pro se* litigant's complaint is to be construed liberally, *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)), that is, it is held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Such complaints, however, must plead facts sufficient to show a cognizable legal wrong has been committed from which plaintiff may be granted relief. FED. R. CIV. P. 12(b); *Faretta v. California*, 422 U.S. 806, 834 n.46, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975) (observing that "[t]he right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with the relevant rules of procedural and substantive law").

**C.     Discussion**

Plaintiff alleges that in the summer of 2005, Defendant Darlene Knight, his wife, used "medications, intimidation, threats, emotional abuse and neglect to keep Gregory isolated, dependant upon her and unaware of what was going on around him thereby denying Gregory his

2

personal liberties and causing irreparable physical damage." (Compl. at 1.) The complaint further states that "Darlene left Gregory on August 11, 2005, without making arraignments [sic] for any type of caregiver to take her position. Gregory was completely unable to provide for his own needs at this time. Gregory has physician statements that will verify this." (*Id*. at 2, ¶ 8.) Plaintiff asserts that Defendant's actions violated his rights under the "Americans with Disabilities Act, Title 42, Chapter 21, and Subchapter 1" (*id*. at 1), and, as relief, he seeks a public apology and $250,000 in damages. (*Id*. at 3.)

The Americans with Disabilities Act ("ADA") is a federal statute that prohibits discrimination against the disabled by employers, public entities, and operators of public accommodations. *See* 42 U.S.C. § 12101, *et seq*.; *Parker v. Metropolitan Life Ins. Co*., 121 F.3d 1006, 1010 (6th Cir. 1997). Specifically, Title I of the ADA prohibits employers from discriminating on the basis of a disability with regard to "job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Title I does not apply in this case, however, because Plaintiff has not alleged that Defendant was his employer or that he was discriminated against with regard to any term or condition of his employment. To the contrary, Plaintiff states in his complaint that Defendant is an employee of a roofing company in Saginaw, Michigan (Compl. at 1, ¶ 3), and that he is unemployed. (Compl. at 3, ¶ 18.)

Title II of the ADA, 42 U.S.C. § 12131 *et seq*., prohibits a "public entity" from discriminating against a "qualified individual with a disability" because of that person's disability. The statute defines "public entity" as "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(B). Clearly Title

3

II does not apply in this case because Defendant is not a public entity, but rather is a private citizen.[1]

Finally, Title III of the ADA, 42 U.S.C. § 12182 *et seq.*, "prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation." *Parker*, 121 F.3d at 1008. A proper defendant under this title of the ADA is the entity or person who "owns, leases . . . , or operates a place of public accommodation, and clearly Plaintiff has not alleged that his estranged wife falls into this category. 42 U.S.C. § 12182(a)*; see also Emerson v. Thiel College*, 296 F.3d 184, 189 (3d Cir. 2002). I therefore suggest that Plaintiff's complaint fails to state a claim under the ADA because the sole defendant is not an employer, public entity, or operator of a public accommodation, and therefore is not a proper defendant under the statute. Accordingly, I recommend that the case be *sua sponte* dismissed with prejudice.

In the alternative, I note that Plaintiff's allegations arise out of the breakdown of his marriage and his recourse to state agencies such as Adult Protective Services and the Tuscola County Human Services Agency. (Compl. ¶¶ 8-10.) Over 70 years ago, the Supreme Court held that the federal government has no power to regulate any aspect of domestic relations law. *Popovici v. Agler*, 280 U.S. 379, 383, 50 S. Ct. 154, 74 L. Ed. 489 (1930). More recently, in *Ankenbrandt v. Richards*, 504 U.S. 689, 112 S. Ct. 2206, 119 L. Ed. 2d 468 (1992), the United States Supreme Court construed what has come to be called the "domestic relations exception" to federal jurisdiction. In that case, plaintiff sought monetary damages for alleged sexual and

---

[1] Although Plaintiff has not cited or alluded to 42 U.S.C. § 1983, I note that, to the extent the complaint might be construed to allege a civil rights claim against Defendant Darlene Knight, it would likewise fail because Defendant is not a state actor. *See Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) ("[a] plaintiff may not proceed under § 1983 against a private party").

4

physical abuse of her children by their divorced father and his female companion. On appeal, the United States Supreme Court stated:

> We conclude, therefore, that the domestic relations exception, as articulated by this Court since *Barber*, [21 How. 582, 16 L. Ed. 2d 226 (1859)], divests the federal courts of power to issue divorce, alimony, and child custody decrees. Given the long passage of time without any expression of congressional dissatisfaction, we have no trouble today reaffirming the validity of the exception as it pertains to divorce and alimony decrees and child custody orders.
>
> Not only is our conclusion rooted in respect for this long-held understanding, it is also supported by sound policy considerations. Issuance of decrees of this type not infrequently involves retention of jurisdiction by the court and deployment of social workers to monitor compliance. As a matter of judicial economy, state courts are more eminently suited to work of this type than are federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody decrees. Moreover, as a matter of judicial expertise, it makes far more sense to retain the rule that federal courts lack power to issue these types of decrees because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees.

*Ankenbrandt*, 504 U.S. at 703-04.

*Ankenbrandt* has been repeatedly applied in this circuit. *See Catz v. Chalker*, 142 F.3d 279, 291 (6th Cir. 1998) ("Traditionally, marriage, divorce, child custody, support payments, and division of marital assets are uniquely state matters which involve distinct issues of state law"); *Gray v. Richardson*, 474 F.2d 1370, 1373 (6th Cir. 1973) (states, not federal government, have been considered "exclusive arbiter" of a situation falling in general category of domestic relations); *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973) (where substance of suit is a family custody battle, federal court has no jurisdiction). *See also Ropoleski v. Rairigh*, 886 F. Supp. 1356 (W.D. Mich. 1995); *Nowicki v. Bruff*, 896 F. Supp. 707 (E.D. Mich. 1995). The Sixth Circuit has long recognized that "[e]ven when brought under the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal court." *Firestone v.*

*Cleveland Trust Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981) (citing *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973)).

Although pled on the basis of federal question jurisdiction, I suggest that Plaintiff's complaint nonetheless arises directly out of matters within the scope of the "domestic relations exception," which the *Ankenbrandt* case unequivocally places outside the jurisdiction of the federal courts. Both the substantive and policy reasons set forth by the Supreme Court in *Ankenbrandt* apply, I suggest, to the instant facts and mandate the conclusion that this Court not assert jurisdiction over the claims made in Plaintiff's complaint. As a result, I suggest that the "domestic relations exception" provides an alternative basis for the dismissal of Plaintiff's complaint.

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,

1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

|  |  |
|---|---|
|  | s/ *Charles E Binder* |
|  | CHARLES E. BINDER |
| Dated: December 2, 2005 | United States Magistrate Judge |

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Manda L. Anagnost, and served in the traditional manner on Gregory Knight and Honorable David Mo. Lawson.

| Dated:  December 2, 2005 | By      s/Mary E. Dobbick |
|---|---|
|  | Secretary to Magistrate Judge Binder |